NOT FOR PUBLICATION

**FILED**

MAR 21 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LING HE,<br><br>     Petitioner,<br><br> v.<br><br>PAMELA BONDI, Attorney General,<br><br>     Respondent. | No. 24-1904<br><br>Agency No.<br>A099-538-362<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 17, 2025**

Before: CANBY, R. NELSON, and FORREST, Circuit Judges.

Ling He, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order denying her motion to reopen

removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for

abuse of discretion the denial of a motion to reopen. *Najmabadi v. Holder*, 597

---

\*  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 983, 986 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying He's motion to reopen as untimely, where it was filed over thirteen years after the final removal order, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within ninety days of the final removal order), and He did not show changed country conditions in China to qualify for an exception to the filing deadline, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (movant must produce material evidence that conditions in country of nationality had changed).

In light of this disposition, we need not reach He's remaining contentions regarding prima facie eligibility for relief. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

To the extent He seeks review of the BIA's denial of her request to reopen removal proceedings sua sponte, we lack jurisdiction to review this discretionary determination, other than for the limited purpose of reviewing for legal or constitutional error. *See Lona v. Barr*, 958 F.3d 1225, 1227 (9th Cir. 2020). We find no legal or constitutional error underlying the BIA's decision.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**